11   371
105   444

## MARVIN v. ADAMSON. *et al.*

1. JOINDER OF PARTIES. The makers and guarantors of a promissory note may be joined as parties defendant in an action thereon.

2. PLEADING: ACTIONS AGAINST GUARANTORS. It is not necessary in an action against the maker and guarantors, (who were the payees) of a promissory note to allege presentment and notice of non payment.

*Appeal from Story District Court.*

WEDNESDAY, OCTOBER 17.

*S. V. White,* for the appellant.

*Wilson T. Smith,* for the appellee.

LOWE, C. J.—On the 14th of August 1857 the defendants Adamson, Schoonerer and Aldridge executed and delivered their note to the order of White & Smith for two hundred dollars payable at ninety days. On the 30th of November thereafter White & Smith transferred said note to the plaintiff, endorsing thereon the words, "Fully guaranteeing payment."

Afterwards the plaintiff commenced his suit on said instrument against the makers and guarantors jointly. The former failed to appear and let judgment go by default. The latter demurred to the petition substantially upon two grounds.

1. Because the maker and guarantors can not be joined as parties defendant in the same action.

2. Because the petition does not allege a demand and notice of protest or non-payment to the guarantors.

For these causes, the court sustained the demurrer, upon which the plaintiff stood, and brings the question by appeal before this court.

With regard to the first proposition section 1681 of the Code provides that "persons severally liable on the same instrument, including makers and indorsers of negotiable paper and sureties, may all or any part of them be joined in the same action."

The words endorsers and sureties in this section, do not limit the rule intended to be established by this section; they

Marvin v. Adamson, et al.

serve to explain but do not restrain its application in the least.

If an indorser is liable on the same instrument with the maker, so *a fortiori* is a guarantor of a note overdue for his undertaking in the nature of a surety. The policy of the Code was to prevent a multiplicity of suits by uniting in the same action all who are liable in any way for the same claim, and the court in passing upon the ultimate rights of the parties will give judgment accordingly. Section 1815.

There is no principle of reason or policy which requires two separate, simultaneous suits against the parties where one would effect the same object, and certainly whatever reason can be given for the application of this rule to makers and endorsers, the same will apply with equal force to a maker and guarantor.

The second cause of demurrer, possesses a little more difficulty.

To charge a guarantor of a note under section 954 of the Code, who was not the payee or indorser thereof, two things must be shown by the plaintiff. First, that he had either given to the guarantor notice of the non-payment by the principal debtor a reasonable time, or, secondly, that in default of such notice he must show affirmatively (and therefore he should aver it in his petition) that the guarantor had received no detriment or loss from the want of notice.

But the guarantors in this case were the payees of the note, and the commercial law must determine their rights and liabilities. Where their undertaking is not absolute and unconditional they are, to be sure, entitled to reasonable notice of the failure of the principal debtor, still they can not defend themselves for the want of such notice, unless they can show they have been prejudiced by the neglect of it. Byles on Bills, 230; Pars. on Contr. 4 ed., 515–16 and authorities there cited. If then the guarantor is liable without notice unless he has sustained a loss by the want of it, which he may aver in his defence and show on trial, it fol-

lows that it is not necessary in order to charge him that the plaintiff should allege in his petition presentment and notice of non-payment. Byles on Bills, 158, and Bailey on Bills, 291–2–3.

The decision of the court below sustaining the demurrer, for the want of this averment, is deemed to be erroneous and the judgment is accordingly reversed.