Sabin & Moon v. Harris.

SABIN & MOON v. HARRIS.

1. GUARANTY: CONSIDERATION IMPLIED. Under § 975 of the Code of 1851 a written guaranty "imports a consideration in the same manner as sealed instruments do."

2. SAME: NOTICE. A guarantor of a promissory note who is not an original party thereto, and whose indorsement is not in blank, is liable on his contract of guaranty, without demand of the maker and notice of non-payment, and in the absence of due diligence against the maker, unless it is shown affirmatively by such guarantor, by way of defense, that he has sustained damages from the want of such notice or diligence. Such a showing constitutes a defense *pro tanto* in such an action.

3. SAME: CASES EXPLAINED. *Peck* v. *Frink*, 10 Iowa 193; *Marvin* v. *Adamson, et al*, 11 Ib. 37; and *Knight* v. *Dunsmore & Chambers, ante*, cited and held inapplicable to the case at bar.

*Appeal from Howard District Court.*

FRIDAY, JUNE 14.

THE facts are stated in the opinion of the court.

*D. O. Preston* and *J. O. Crosby* for the appellants.

*Willett & Burdick* for the appellee.

BALDWIN, J.—The defendant was sued as the guarantor of a negotiable promissory note, given by one Robert A. Harris to plaintiffs, payable one day after date. After the maturity of the note the defendant made the following indorsement thereon : " I hereby guarantee the payment of the within note, ninety days from the date of this guaranty. (Signed,) A. H. Harris." The plaintiffs, upon the trial, introduced in evidence, the note, with the indorsement of the defendant thereon. Upon this evidence alone the court rendered judgment for the plaintiffs. The defendant in his answer, denies generally any indebtedness to plaintiffs ; but fails to set up specially either a failure of consideration for such guaranty, or the want of demand and notice, or that he suffered any damages on account of the failure of the use of diligence by the holder.

From the argument of counsel for the appellee, it would appear that the only question presented in the court below was, whether the written guaranty of itself implied a consideration. Without referring to the common law rule upon this subject, we concur with the counsel, that this question is settled by § 975 of the Code of 1851, which provides, that " all contracts in writing hereafter made and signed by the party to be bound, or his authorized agent or attorney, shall import a consideration in the same manner as sealed instruments do." A written guaranty certainly falls within the class of contracts referred to in this section ; and therefore a consideration is implied, and none need be expressed.

The appellant, however, places his right to a reversal upon the ground that under his contract of guaranty he was enti-

tled to notice of non-payment by the maker; or that the plaintiffs, before they could recover upon the guaranty, must show some use of diligence against the maker, and that the evidence failing in this respect, the judgment of the court below should have been for the defendant. This presents to our consideration a question as to the liability of a guarantor, differing in its character from that in the case of *Peck* v. *Frink*, 10 Iowa 193; *Marvin* v. *Adamson, et al*, 11 Ib. 37, or *Knight* v. *Dunsmore & Chambers, ante.*

Sections 953–4 of the Code, provide that the blank indorsement of an instrument for the payment of money, &c., by a person not a payee, indorsee or assignee thereof, shall be deemed a guaranty of the performance of the contract. To charge such guarantor, notice of non-payment by the principal must be given within a reasonable time. The indorsement by defendant was not made in blank, nor was it made by the payee, indorsee or assignee thereof. This is not then such a guaranty as is contemplated by the statute; and if notice of non-payment to the guarantor, or diligence against the maker, is required to be shown before the plaintiffs could recover upon this guaranty, it must be upon some principle of law independent of our statute.

The great and controlling difficulty in determining this question upon authority is, that each guaranty of this character referred to by the courts possess some peculiar circumstances either in the phraseology, the time when made, or the statute in force where the case has been adjudicated, that prevents the reasoning in one case being applicable to that in another. We refer, however, to the following among the many decisions upon this subject, which in our opinion, are applicable to this case: In the case of *Allen* v. *Rightmore*, 20 Johns. 365, where the defendant, Rightmore, was sued upon the following guaranty: " For value received, I sell, assign and guaranty the payment of the within note, to John Allen or bearer." SPENCER, C. J., in delivering the opinion of the court, said that " proof of demand and notice

was not necessary. The defendant's engagement is, in effect, that Toan (the maker) should pay the note, or that he would pay it. It is the duty of the debtor to seek the creditor and pay his debt on the very day it becomes due. * * * * The defendant insists that he stands in the relation of an indorser merely, but such is not the fact. The undertaking here is not conditional, it is absolute, that the maker shall pay the note when due, or that the defendant will pay it himself." In the case of *Upham* v. *Prince*, where the note sued on had the following indorsement by the defendant, viz: "I guaranty the payment of this note within six months," the court held, that the defendant's engagement amounted to a promise that the note should be paid within six months. 12 Mass. 14. The case of *Gibbs* v. *Cannon*, 9 S. & R. 198, was an action against a guarantor who was not a party on the note, upon his separate contract. The judge of the District Court charged the jury that there was a distinction between the liability of an indorser and a guarantor. "The contract by the indorser, is not to pay at all events. But a guaranty is not a conditional contract, but an absolute engagement for the payment of the note, at all events. The guarantor undertakes, not only for the solvency of the parties, but that they shall pay the note, or he will. Therefore, he is bound to inquire and see that the note is paid. It results that it is not necessary for the holder of the note to give to the party guaranteeing notice of non-payment." This ruling, upon appeal, was affirmed. And from the opinion of the court, we deduce the following conclusion as particularly applicable to this case: That where the maker of a note is solvent at its maturity, notice of non-payment should be given to the guarantor; and that the latter, under such circumstances, may avail himself of the want of notice of non-payment; but it places the burden of proving solvency, and of injury flowing from want of notice, upon the guarantor. In the case of *Heaton* v. *Hulbert*, 3 Scam. 489, an action against a guarantor, upon the following

indorsement: "I guaranty (for valuable consideration,) the payment of the within note," DOUGLAS, J., in delivering the opinion of the court, says: "The guarantor's liability does not depend upon the solvency or insolvency of the maker or indorser of the note. Such are not the terms of his contract." After referring to the views of Chancellor CHITTY, and other English and American authorities, on this subject, the author of the opinion proceeds to state, that "the result of his investigation of the subject is, that it was not necessary for the plaintiff to institute legal proceedings against the maker or indorser of the note, nor to show their insolvency, nor to prove demand and notice of non-payment in order to establish the liability of the guarantor; but that the defendant might have discharged himself from such liability by showing *laches* on the part of the plaintiff in the collection of his debt, and resulting injury to defendant, such as an omission to make demand, and give notice within a reasonable time, and a loss to the guarantor in consequence of such omission. The doctrine of demand and notice, as applicable to commercial paper, has but this qualified application to guarantees: *Laches* and a consequent injury must be shown, and the *onus probandi* rests upon the defendant." In the case of *Rhett* v. *Pal*, 2 How. the Supreme Court of the United States indorse the following conclusions in the case of *Reynolds* v. *Douglass, et al.*, 12 Pet. 497: *First*, That the guarantor of a promissory note, whose name does not appear upon the note, is bound without notice, where the maker of the note was insolvent at its maturity, unless he can show that he has sustained some prejudice by want of notice of demand on the maker, and notice of non-payment. *Second*, If the guarantor can prove he has suffered damages by the negligence to make demand on the maker and to give notice, he can be discharged only to the extent of the damage sustained.

Edwards, in his work on Bills and Promissory Notes, on page 242, after referring to the decisions of the different

Sabin & Moon v. Harris.

courts upon this subject, says: "It is plain from the cases cited by him, as well as from the American authorities, that notice to the guarantor is not a term or condition of the contract, but only a mode of showing that the party guaranteed has taken the proper steps to enforce or secure payment of the principal debt. * * * * And that the guarantor of a bill is no party to the instrument, and is not by the custom of merchants entitled to notice of dishonor; but that if he can show that for want of regular notice, he has sustained actual damages, he will have a defense, at least *pro tanto.*"

From the foregoing authorities we conclude the rule to be, that a guarantor (whose indorsement is not in blank,) who is not a party to the note, is liable at the suit of the payee, without any proof of demand and notice of non-payment, or use of diligence against the maker. If, however, in an action by the payee against the guarantor, the guarantor can show affirmatively that he has sustained damages from the want of such notice or diligence, he has a right to make such showing as a defense *pro tanto* to the plaintiff's action.

Where the indorsement is blank, by a person not a party, our statute declares such indorsement a guaranty of the performance of the contract; but the burden of proof, as to diligence, &c., is upon the payee instead of the guarantor.

Upon the evidence introduced in this case, the plaintiffs were entitled to a judgment.

Affirmed.