## SIBLEY V. VAN HORN.

1. GUARANTORS: STATUTE CONSTRUED. Section 954, of the Code of 1851, was not repealed or changed by the provisions of "An Act relating to evidence," which took effect February 9th, 1854.

*Appeal from Polk District Court.*

SATURDAY, APRIL 22.

ACTION on a promissory note. The material facts are stated in the opinion of the court.

*McHenrys* for the appellant.

*S. Sibley, pro se.*

LOWE, J. — The plaintiff brought his suit upon a note indorsed in blank by the defendant, who was not a payee or assignee, without making a demand of the maker and giving reasonable notice of the non-payment to the defendant, who was sought to be made liable as a guarantor.

The cause was tried by the court, who found from the evidence, certain facts from which it was held that the defendant had received no detriment for the want of notice, agreeably to the provisions of § 954 of the Code of 1851, and therefore judgment was rendered in favor of plaintiff for the amount of the note. The defendant claims that this decision was unauthorized either by the evidence or the law of the case. First, it is insisted that the evidence shows that the defendant did receive a detriment from the

want of such notice, but the reply to this is that the court found otherwise, and this finding we think is justified by the evidence reported. Secondly, it is claimed that the section of the Code just referred to does not contain the law applicable to this case, but that the same has been repealed or modified by a statute passed Feb. 9, 1853, to the effect that "notice of non acceptance or non-payment, or both, of said instruments, shall be required, according to the rules and principles of commercial law." Whilst this act does undoubtedly change and modify some of the provisions of Chapter 58 of the Code of 1851, on the subject of bills and notes, it does not affect § 954, which is but declaratory of the law merchant on the subject of guaranty. Story on Prom. Notes, §§ 460–485; Bayley on Bills, pp. 286–289; Edwards on Bills and Prom. Notes, 241–2–3–4; *Marvin* v. *Adamsom et al.*, 11 Iowa, 371; *Sabin & Moon* v. *Harris*, 12 Iowa, 87. Judgment below is

Affirmed.