## PICKET v. HAWES.

1. GUARANTOR NON-NEGOTIABLE PROMISSORY NOTE. The defendant indorsed in blank a promissory note to which he was not a party; at the maturity of the note he made the following additional indorsement: "I will extend my name on the within note to March 27th, 1861." It was held,

1. That under the first indorsement, he would not be charged as a guarantor without reasonable notice of demand and non-payment, unless it was made to appear affirmatively that he received no detriment from want of such notice.

2. That the second indorsement did not increase the liability of the indorser or guarantor.

*Appeal from Chickasaw District Court.*

WEDNESDAY, JANUARY 14, 1863.

ACTION on a promissory note, of which the following is a copy:

"$1,000.00.    On demand, I promise to pay to William Picket the sum of one thousand dollars, with interest, at six per cent per annum.    Value received.    March 27th, 1857.                        JOHN D. HAWES."

On the back of this note the defendant made the follow-indorsements:

"D. P. HAWES."

"I will extend my name on the within note to March 27th, 1861.    D. P. HAWES."

Judgment for the plaintiff, and the defendant appeals.

*S. G. Case* and *L. L. Ainsworth* for the appellant, contended that the defendant is a guarantor and cannot be charged without notice of demand and non-payment or evidence showing that he has suffered no detriment by the failure to give him such notice. Rev. 1860, §§ 1800, 1801; *Peck* v. *Frink*, 10 Iowa, 193; *Marvin* v. *Adamson*, 11 Id., 371; *Knight* v. *Dunsmore & Chambers*, 12 Id., 35.

*Wm. McClintock* for the appellee.

BALDWIN, C. J.— This suit is upon a non-negotiable promissory note given by John D. Hawes to plaintiff, March 27th, 1857, payable on demand. This was indorsed in blank by defendant. On the 27th day of March, 1858, the following indorsement was made:

"I will extend my name on the within note to March 27th, 1861.                                    D. P. HAWES."

The plaintiff does not allege, nor did he on the trial prove, any diligence against the maker, or demand and notice of non-payment to the defendant, or that the defendant was not prejudiced by the want of such notice. Upon the introduction of the note and the indorsement the Court rendered judgment for plaintiff.

Was the defendant then under his contract of guaranty (either the first or second), liable without notice of demand and non-payment by the maker? The blank indorsement of an instrument for the payment of money, by a person not a payee, indorsee or assignee thereof, shall be deemed a guaranty of the performance of the contract. To charge such guarantor, notice of non-payment by the principal must be given within a reasonable time, but the guarantor is chargeable without notice if the holder show affirmatively that the guarantor has received no detriment from want of notice. §§ 953, 954, Code. The defendant was not an assignee, indorsee or payee of the note; but was a guarantor within the meaning of these sections. To charge him as such, notice of demand and non-payment by the maker must be given him in a reasonable time. No evidence having been introduced to prove a demand or notice of any character, or to show there was prejudice for the want of such notice, the judgment should have been for the defendant, unless the second indorsement did, at the time this suit was commenced, increase the liability of the guarantor. This we think is not the effect of the second indorsement.

By his first contract the defendant was deemed a guarantor of the performance of the contract as long as the note was held by the payee, without demand, or until barred by the statute of limitations. By the second, he limits his liability and refuses to be held as a guarantor after the time therein fixed. This is the fair and reasonable construction of the language used.

In the case of *Peck* v. *Frink*, 10 Iowa, 193, the indorsement was not in blank and was made by the payee of the note. The Court in the opinion, however, recognizes the rule if a person not a payee, indorsee or assignee indorse an instrument in blank, he is entitled to notice of non-payment by the maker. In the case of *Knight* v. *Dunsmore & Chambers*, 12 Iowa, 35, it was held, that a guarantor of a promissory note, who is not an original party thereto, is liable upon his contract of guaranty by notice of non-payment within a reasonable time. A demand of the maker of the note, it was held, was not necessary. In *Marvin* v. *Adamson et al.*, 11 Iowa, 371, the guarantors were the payees of the note. The rule is there recognized that the guarantor, not a payee, is entitled to notice of non-payment before he is made liable. In *Sabin & Moon* v. *Harris*, 12 Iowa, 87, the indorsement was not in blank, but a written guaranty that the note should be paid in ninety days. It was held that the guarantor was liable without notice unless it was shown affirmatively that he was prejudiced by want of notice. It is there stated, however, that if the indorsement is in blank the burden of proof is with the payee, as to diligence, &c., and not upon the guarantor.

In the cases of *Long* v. *Smyser & Hawthorne*, 3 Iowa, 266; *Wilson* v. *Ralph et al.*, 3 Id., 450; *Hall* v. *Monohan*, 6 Id., 216; and *Bryan* v. *Billingham*, 10 Id., 317, the notes sued on were non-negotiable, but the indorsements were made by the payees thereof.

Reversed.