FLUHART *v.* W. T. RAWLEIGH COMPANY.

Opinion delivered November 20, 1916.

SURETYSHIP—ACTION AGAINST PRINCIPAL AND SURETY JOINTLY.—One W purchased certain goods from appellee, and appellants, in writing, agreed to pay whatever balance was shown to be due to appellee by W. *Held*, in an action to recover the balance due, that appellee could sue both W and the appellee in one action.

Appeal from Lonoke Circuit Court; *Thomas C. Trimble*, Judge; reversed.

STATEMENT BY THE COURT.

The appellee instituted this suit against C. C. Whedbee, principal, and I. T. Fluhart, G. W. Persefull and J. V. Crutcher, as guarantors of a certain contract which was made an exhibit to the complaint. The complaint alleged that on or about October 24, 1913, an

agreement was made between the appellee (plaintiff) and the defendant C. C. Whedbee, as principal, and the said parties, guarantors (naming them), for the said C. C. Whedbee, which contract was accepted June 4, 1914; that by the terms of the contract, appellee agreed to sell to Whedbee certain goods, wares and merchandise; that the guarantors jointly and severally guaranteed that Whedbee would pay the balance due from him to the appellee at the time the contract was entered into, and would pay all indebtedness incurred under the contract. That Whedbee purchased goods under the contract amounting to the sum of $1,567.07, and that he owed the appellee $350.73 at the time the contract was entered into, making a total indebtedness of $1,915.80; that the sum of $1,191.10 had been paid thereon, leaving a balance of $724.70; that such balance had not been paid, "although reasonable time therefor had elapsed," and although lawful demand therefor had been made; that the guarantors, under the terms of their contract, had agreed that a written acknowledgment of the account by C. C. Whedbee, or any judgment against Whedbee in favor of the appellee, should in every respect bind and be conclusive against them, and that any extension of time granted by the appellee to Whedbee should not release them from liability under their guarantee. Plaintiff prayed judgment against C. C. Whedbee and the other appellants in the sum of $724.70, with interest.

The contract set up as an exhibit to the complaint was one by which the appellee agreed to sell and Whedbee agreed to buy certain medical supplies and other equipments.

The contract contained mutual agreements for things to be done by the respective parties, and provided that unless previously terminated by either party upon written notice that it should expire December 31, 1914; that at the expiration of the contract the company agreed to make a new contract, if signed by acceptable guarantors, without requiring Whedbee to pay any balance of account. The contract was duly

signed by the parties and was accepted by the appellee
June 4, 1914.

The contract of guaranty provided in part as fol-
lows: "For and in consideration of the extension of
further time in which to pay his account for goods pre-
viously sold to the above party (Whedbee) of the second
part, and in further consideration of the W. T. Raw-
leigh Medical Company extending further credit to
him, we, the undersigned, do hereby jointly and sever-
ally guarantee unto the said W. T. Rawleigh Medical
Company, unconditionally, first, the payment in full
of the balance due said company on account as shown
by its books, at the date of the acceptance of this con-
tract; and, second, the full and completed payment to
said company of any indebtedness incurred under the
terms of the within instrument by the party of the sec-
ond part, named as such herein, to which terms we
fully assent, waiving acceptance of this guaranty and
all notice, and agree that the written acknowledgment
of his account or any judgment against said party of
the second part shall, in every respect, bind and be
conclusive against the undersigned, and that any ex-
tension of time shall not release us from liability under
this guaranty."

Also exhibited with the complaint, was a statement
of account, showing balance due the appellee of $724.70.

The appellant Whedbee answered the complaint,
denying that he owed appellee anything, and by way
of cross-complaint alleged that appellee was indebted
to him in the sum of $1,230, for which he asked judg-
ment.

The appellant Whedbee, and the other appellants,
the guarantors, demurred to the complaint, and also
moved to dismiss the same as to guarantors. The
court, upon consideration of the motion, overruled the
same, to which the appellants duly excepted. The ap-
pellants, the guarantors, declined to plead further. The
appellee, plaintiff, thereupon asked that judgment be
entered against the guarantors for the amount sued
for, which the court granted, and entered judgment in

favor of the appellee against the guarantors for the
amount sued for in the complaint.

*Oscar E. Williams*, for appellants.

1.   The court erred in holding that the guaran-
tors could be sued jointly with the principal.   Am. &
Eng. Enc. of Law (2 ed.), p. 1130; 20 Cyc. 1482; 59
So. 512; 95 Ala. 362; 36 Am. St. 210; 10 So. 539; 60
*I d.* 1001; 65 *I d.* 52; 4 Ark. 76; 22 *I d.* 540; 8 *I d.* 167; 24
*I d.* 517; 59 *I d.* 86; 68 *I d.* 426; 111 *I d.* 227; 163 S. W.
785; 5 Cyc. 822, 1484.

2.   The court erred in rendering a judgment
against the guarantor's without a judgment against the
principal.   16 Enc. of Pl. & Pr., 939; 14 Cyc. 411, and
Arkansas cases cited.

*Trimble & Williams*, for appellee.

1.   The principal debtor and the guarantors can
be sued jointly.   Kirby's Digest, § 6009; 20 Cyc. 1484;
7 Peters, 125; 68 Ark. 424-5; 111 Ark. 419; 71 *I d.* 585;
87 U. S. 268; 74 S. W. 746; 38 S. W. 1056; 66 S. W. 1027;
31 Minn. 314; 1 Nev. 326; 4 Utah 348; 11 Iowa, 373; 8
Hun (N. Y.) 110; 23 N. Y. 286; 79 Ill. 62; 80 *I d.* 244;
64 Ind. 356; 7 Me. 186, 29 S. W. 80; 47 How (N. Y.)
180; 175 S. W. 81.

2.   It was not necessary to first procure a judg-
ment against the principal.   80 Ill. 244; 64 Ind. 356;
7 Me. 186; 70 Mich. 566; 2 Thomps. & C. (N. Y.) 342; 46
Pa. (10 Wright) 243; 94 Tenn. (10 Pickle) 34; 2 Pa.
Law, J. 346; 47 How. (N. Y.) 180; 29 S. W. 80; 175 S.
W. 81.

*Oscar E. Williams*, for appellant in reply.

The guaranty was not absolute.   20 Cyc. 1398.
The guaranty is conditional and limited and it is nec-
essary to fix the liability of the principal before suing
the guarantors.   Kirby's Digest, § 6009 does not apply.
16 Iowa 226; 9 Nebr. 445; 16 Enc. Pl. & Pr. 942-3, etc.

WOOD, J., (after stating the facts).   Two questions
are presented.

I.    Did the court err in holding that the guarantors could be sued jointly with the principal?   The contract between the appellee and Whedbee, the principal debtor, it appears from the recitals therein, was executed on the 24th day of October, 1913.   The contract of guaranty bears no date, but the allegations of the complaint, in effect, show that the instruments were executed on the same day and that they were parts of but one and the same transaction.   Indeed the recitals of the contract of guaranty referred to the contract between appellee and Whedbee as if it were but a part of the same contract.   For instance, the recital "for and in consideration of the extension of further time in which to pay his accounts for goods previously sold to the above party of the second part."   Whedbee is not mentioned *eo nomine* in the contract of guaranty, but is only referred to as "the above party of the second part," clearly referring to the contract in which Whedbee is mentioned as "party of the second part." It occurs to us therefore that the two contracts appear on their face to be parts of the same instrument.   There is no way to identify Whedbee as being the "above party of the second part," except by reading this in connection with the original contract, and the two contracts therefore should be regarded as evidenced by one and the same instrument.

The contract of guaranty under review was an unconditional undertaking on the part of the guarantors to pay appellee the balance shown to be due it by their principal, Whedbee.   There was no condition that they would pay in the event that appellee could not collect its debt with reasonable diligence from Whedbee. In other words, the liability of the guarantors was fixed by the failure of Whedbee, the principal debtor, to pay the indebtedness incurred by him at maturity. See 12 R. C. L., section 13, page 1064; *Yager* v. *Kentucky Title Co.*, 66 S. W. 1027; *White Sewing Machine Co.* v. *Powell*, 74 S. W. 746; *Memphis* v. *Brown*, 87 U. S. 289.

There is no limitation in the contract upon the obligation to pay. The guarantors, however, did not bind themselves to pay any amount claimed by the appellee to be due it from Whedbee unless he gave appellee a written acknowledgment of his account or unless there was a judgment in appellee's favor against him.

As we construe the contracts, the guarantors and Whedbee bound themselves jointly and severally for the payment of the latter's debt to the appellee when the same matured. Section 6009 of Kirby's Digest provides: "Persons severally liable upon the same contract, including parties to bills of exchange, promissory notes, common orders and checks, and sureties on the same or separate instruments, may all, or any of them * * * be included in the same action, at plaintiff's option."

And section 6010 provides: "Where two or more persons are jointly bound by a contract, the action may be brought against all or any of them, at the plaintiff's option."

The Supreme Court of Minnesota, in passing upon a statute precisely similar to section 6009 of Kirby's Digest, *supra*, said:

"There is no principle of reason which requires two separate suits against parties when one would effect the same object, and every reason which can be given for uniting the maker and endorser in one action will apply with equal force to the maker and guarantor. If an endorser is liable on the same instrument with the maker, so is an absolute guarantor of payment, if his undertaking is in the nature of a surety, which is primary, and that of the guarantor properly so called, which is collateral and secondary. And when he guarantees the payment of the debt is in every respect essentially a surety. Moreover, in view of the manifest policy and purpose of the statute, the word 'surety' must be understood as including any one who is bound on the same instrument, for its payment with another, who, as between themselves, is the principal debtor.

whatever may be the particular form of the undertaking. If not, the italicized clause (and sureties on the same or separate instruments) in the statute would be without meaning and effect." *Henry Hammel* v. *Beardsley*, 31 Minn. 314.

We approve the above doctrine as applicable to the facts of this record. See also, *Marvin* v. *Adamson*, 11 Iowa 373, and other cases cited on this point in appellee's brief.

The ruling of the court therefore was correct in overruling appellants' motion to dismiss the complaint against them.

II.   The court erred, however, in rendering judgment in favor of the appellee for the amount claimed. No judgment had been rendered against the principal debtor. He denied that he was indebted to the appellee, and there had been no judicial determination and final judgment as to the issue thus raised.

The judgment therefore in favor of the appellee was premature, and for the error in rendering judgment against the appellants, the same is reversed and the cause will be remanded for further proceedings according to law.

HUMPHREYS, J., not participating.