St. Louis-San Francisco Railway Co. v. Boudreaux.

Opinion delivered July 9, 1923.

1. REMOVAL OF CAUSES—SEPARATE CAUSES OF ACTION.—Where a petition charged a cause of action under the State Employers' Liability Act in one count, and in another count a cause of action under the Federal Employers' Liability Act, the fact that the cause of action under the State law was removable rendered the whole case removable, although the cause of action under the Federal act would not alone be removable, under U. S. Comp. Stat. § 8662.

2. ACTION—SEPARATE CAUSES.—Causes of action under the State Employers' Liability Act and the Federal Employers' Liability Act are separate and distinct, neither being paramount or superior to the other.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*W. F. Evans* and *Warner, Hardin & Warner,* for appellant.

It was reversible error to deny appellant's petition for removal to the United States District Court. The allegations of the petition for removal can alone be looked to in determining the right to removal. If the allegations of the complaint are in conflict therewith, they must be ignored. 75 Ark. 116; 87 Ark. 136; 98 Ark. 509; 122 U. S. 514. The second count of the complaint alleged generalities and conclusions of fact and law, and was insufficient to state a cause of action under the Federal Employers' Liability Act. Conclusions cannot be pleaded. 121 Ark. 194; 147 Ark. 362. An employee repairing an engine is not within the purview of the Federal statute, unless the engine being repaired is exclusively devoted or assigned to the movement of interstate traffic. (U. S.) 61 Law ed. 358; 62 *Id.* 925; 1 Roberts, Fed. Liabil. Carriers, §§ 488-489. Decisions of the Federal courts govern and control in all actions based on the Federal statute. 129 Ark. 520, 534. Even if the engine had been devoted and assigned exclusively to interstate transportation, under the allegations of the

complaint it had been withdrawn therefrom, and the Federal statute had no application. U. S. Sup. Ct. Adv. Ops., July 1, 1922, p. 591. Both the carrier and the injured employee must have been engaged in interstate transportation at the time of the injury, to authorize a recovery under the Federal Employers' Liability Act. (U. S.) 58 Law ed. 1051, Ann. Cases 1914-C, 163; 124 Ark. 127; 202 Fed. 766; 108 Pac. 774; 118 N. E. 986; 179 Fed. 175; 105 N. E. 1025; 106 N. E. 369. Where there are two causes of action alleged in one complaint, and one is removable on the ground of diversity of citizenship and the other not, the cause is removable to the Federal court. 127 Ark. 170, 178; 220 Fed. 731; 229 Fed. 319; 245 Fed. 788; 247 Fed. 233; 203 Fed. 1021; 2 Roberts Fed. Liabilities, § 657, p. 1150 *et al.*

*Sizer & Gardner* and *G. L. Grant,* for appellee.

There was an allegation in the complaint bringing the case squarely within the Federal Employers' Liability Act, and it was therefore not removable. When an employee is engaged alternately in interstate and intra-state commerce, and is injured, the presumption is that he was employed in intra-state commerce at the time he was injured; and the burden of proving that he was not so engaged at the time of the injury rests upon the party alleging it—in this instance upon the appellant. 256 U. S. 332. The question of whether the case was removable is to be tried and considered as of the time the petition for removal was filed. 200 U. S. 206; 108 U. S. 561. A complaint may be so drawn as to allow a recovery under both the State and Federal law, and making the case non-removable. 246 U. S. 276; *N. Y. C. Ry. Co.* v. *Kennedy,* U. S. Ct. Adv. Ops., January 1, 1923. The Federal Employers' Liability Act superseded all State laws on the subject, and person injured while employed in interstate commerce has but one cause of action, *supra;* 246 U. S. 653; 238 U. S. 599; 192 Fed. 353; 193 Fed. 768; 203 Fed. 580; 247 Fed. 819; 276 Fed. 337; 226 U. S. 570. Where a cause of action is stated in the

alternative, as in this case, it is not removable.   236
Fed. 584; 223 Fed. 448.   As to the sufficiency of the
complaint to state a cause of action under the Federal
Employers' Liability Act, see *Wabash Ry. Co.* v. *Hays,*
234 U. S.; 201 Fed. 591, 594; 238 U. S. 602.   Before
the trial court is compelled to remove such a case as this
to the Federal court, the petition must show that the al-
legations in the complaint bringing the case within the
Federal act are fraudulently inserted for the purpose
of defeating the defendant of his right to a removal;
and the showing of fraud must consist of a statement
of facts from which that conclusion may rightfully be
drawn.   227 U. S. 184; 234 U. S. 146; 246 U. S. 276.   The
act of Congress is a limitation upon the jurisdiction of
the Federal district courts as a class with respect to try-
ing cases that arise under the Federal act.   227 Fed. 819;
208 Fed. 29; Lewis, Removal of Causes, 164.   The plain-
tiff was entitled to have the State court decide whether
a cause of action was stated under the Federal act.   216
Fed. 801.

HUMPHREYS, J.  Appellee instituted this suit against
appellant in the circuit court of Crawford County, to
recover damages for an injury received through the
alleged negligence of appellant on January 30, 1921, in
its shops at Afton, Oklahoma, while employed by and
engaged in placing a spring in engine No. 1262, in pit
No. 4.  Omitting formal parts, the complaint is as fol-
lows:

"1.  That the plaintiff is a citizen of the State of
Missouri, and resides in Monett, in said State.

"2.  That the defendant is a railway corporation,
created and existing under and by virtue of the laws of
the State of Missouri, and therefore resides in said
State, but is licensed to do business in the State of
Arkansas, and that upon all days named herein it was
operating a line of railway in this State; that it also
operates a line of railway in the State of Oklahoma,

said line passing through the town of Afton, Oklahoma, and was doing so on all days named herein.

"3. That on or about the 30th day of January, 1921 (the exact date being unknown to the plaintiff but well known to the defendant), the plaintiff was employed by the defendant at the town of Afton, in the State of Oklahoma, as a machinist and mechanic in repairing engines and train equipment; that while in the performance of his duties, engaged in repairing defendant's engine No. 1262, at pit No. 4, it became and was necessary to put in a main left back driving spring on said engine; that in order to put said spring in it became and was necessary for the plaintiff to go under the engine; that he did so, and in placing said spring in proper place he rested said spring upon the brake-rigging under said engine, and requested the foreman over him, H. L. Foley, to furnish assistance to aid him in properly placing said spring in position in said engine; that the said Foley in person undertook to assist the plaintiff in placing said spring; that thereupon this plaintiff raised said spring upon the frame, at the time advising said foreman not to undertake to move it until the plaintiff advised him to do so; that, as the plaintiff attempted to raise said spring, the said foreman, without being ordered to do so by the plaintiff, and without right, prematurely, carelessly and negligently shoved a jack lever bar up against said spring, and by the force of such shove pushed and shoved the said spring upon this plaintiff; that the said spring was heavy, and fell with great weight upon this plaintiff while he was stooped over, thereby injuring the plaintiff and wounding him in his back, body, limbs and spine, and otherwise internally and externally injuring and damaging him, and also caused him to have curvature of the spine, from all of which he has been caused to suffer great mental and physical pain, to lose time, and have medicines and medical attention, and he will be compelled to lose time, to suffer great physical and mental pain and to spend money for medicines and

medical attention for all time to come, and he is permanently injured.

"4. That the said foreman, Foley, negligently shoved the said spring upon this plaintiff, and without warning the plaintiff that he was going to do so; that the said foreman also negligently used a jack lever bar to handle said spring, the said bar being blunt and too large to fit into the eyes of the spring to hold it, said bar not being the tool usually used or proper to be used in doing what the said Foley was attempting to do; that by using a buggy bar or some other similar tool, small enough to pass through the eye of the spring, which was a proper tool with which to do such work, it would have hooked into the eye of the spring and held it in position, and would not have shoved it and caused it to fall upon the plaintiff. That in holding the spring as he did the said foreman, Foley, and the said defendant failed to furnish the plaintiff with a reasonably safe place in which to work, and negligently failed to exercise ordinary care to do so, and negligently failed to exercise ordinary care to furnish safe and proper tools and appliances with which to do the work.

"5. The plaintiff further states that, by reason of the aforesaid carelessness and negligence of the defendant and its said foreman, Foley, he has been seriously and permanently injured and damaged, as herein set out, in the sum of fifty thousand dollars, for which sum he prays judgment, and for costs and all proper relief."

SECOND COUNT.

"The plaintiff, for a further cause of action against the said defendant, states:

"1. That he makes paragraphs 1, 2, 3, 4, and 5 a part of this paragraph the same as if they were specifically set out herein, word for word.

"2. That the said engine No. 1262, upon which he was working at the time he was injured, as above set out, was a regular road engine of the defendant, and was used by it in hauling and moving and conducting its

interstate commerce business; that the said engine was being prepared by the plaintiff for the defendant so that it could move freight and pull its trains in interstate commerce; that at the time the plaintiff was injured he was employed by the defendant in interstate commerce, and the defendant was engaged in interstate commerce, and intended to use said engine for that purpose.

"That by reason of the injuries aforesaid, caused by the carelessness and negligence of the defendant and its said foreman, Foley, the plaintiff had been seriously and permanently injured and damaged, to his great damage in the sum of fifty thousand dollars, for which sum he prays judgment, and for all proper relief herein."

Within apt time appellant filed its petition and bond in proper form, praying for a removal of the cause to the United States Court for the Western District of Arkansas, upon the ground of a diversity of citizenship. The petition was overruled by the court, over the objection and exception of appellant. Thereupon appellant filed an answer, denying the material allegations of the complaint, and interposing the further defenses of contributory negligence and assumption of risk. The cause was then submitted upon the pleadings, evidence, and instructions of the court, which resulted in the judgment in favor of appellee, from which is this appeal.

Appellant's first contention for a reversal of the judgment is that the court erred in overruling its motion to transfer the cause to the District Court of the United States. The complaint alleges two causes of action in separate counts. In the first count a cause of action is charged under the State law, and in the second count a cause is charged under the Federal Employers' Liability Act. At the time the petition for removal was filed, appellant was a citizen of Missouri and appellee a citizen of Oklahoma. It is provided in the amendment to the Federal Employers' Liability Act that: "The jurisdiction of the courts of the United States under this

act shall be concurrent with that of the courts of the several States, and no case arising under this act and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Appellee admits that, if it were not for this statute, the cause would have been removable on account of the diversity of citizenship. Sec. 28 of the Judicial Code of the United States is as follows:

"Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State."

It was said by this court in the case of *Mo. Pac. Ry. Co.* v. *Tompkins,* 157 Ark. 16, that "if the plaintiff brings suit in the State court of his district, the defendant, being a nonresident of such State, can remove such suit to the Federal court, whether the plaintiff objects or does not object, if the other conditions of the removability are complied with." In support of the interpretation given the removal statute last quoted, the court cited the cases of *General Investment Co.* v. *Lake Shore & Michigan So. Ry. Co.,* 260 U. S. 261; and *Lee* v. *Chesapeake & Ohio Ry. Co.,* 260 U. S. 653. Appellee's contention is that, notwithstanding the removability of the cause from the State to the Federal court on account of the diversity of citizenship, if the cause is within the Federal Employers' Liability Act, it cannot be removed. This contention would be sound if the cause stated was solely within the Federal Employers' Liability Act. This court is committed to the doctrine that causes of action under the State law and Federal Employers' Liability Act are separate and distinct causes of action; that one is not paramount or superior to the other, and, though joined in the same complaint, which is permissible, they are two.

separate causes of action. *Midland Valley Rd. Co.* v. *Ennis,* 109 Ark. 206. To adopt the suggestion of appellee that the cause alleged in the instant complaint under the State law merges in the cause alleged under the Federal Employers' Liability Act would, in effect, overrule the Ennis case, *supra.* In this view, the next question which presents itself for determination is whether an entire case is subject to removal, when two separate causes of action are embraced in the complaint, one being removable and the other not. In the case of *Flas* v. *Ill. Cent. Ry. Co.,* 229 Fed. 319, the court said: "The prohibition of removal mentioned in section 6 of the Employers' Liability Act is limited to cases which purport, by the plaintiff's petition, to arise under that act; and when, to a cause of action arising under that act, there is joined one which does not purport to arise under that act, the prohibition does not apply." The rule thus announced finds support in the following cases: *Lusk* v. *Osborn,* 127 Ark. 170, 1. c. 178; *Strother* v. *Union Pac. Ry. Co.,* 220 Fed. 731; *Bedell* v. *B. & O. Ry. Co.,* 245 *Id.* 788; *Givens* v. *Wright,* 247 *Id.* 233; *Patterson* v. *Bucknall S. S. Line,* 203 *Id.* 1021; 2 Roberts, Fed. Liab., § 657, p. 1150 *et seq; Shappirio* v. *Goldberg,* 192 U. S. 232, 48 Law. ed. 419, 1. c. 424; *Hayward* v. *Nordberg Mfg. Co.* (C. C. A.), 85 Fed. 4, 1. c. 8; *Greenfield* v. *U. S. Mortgage Co.,* 133 Fed. 784. Appellee has cited the cases of *G. N. Ry. Co.* v. *Alexander,* 246 U. S. 276, and *N. Y. C. & H. R. Ry. Co.* v. *Kinney,* 260 U. S. 340, in support of his contention that a complaint may be so drawn as to allow a recovery under both the State and Federal law and yet be nonremovable. We do not understand that these cases are applicable to the point involved in the instant case. As we read them, only one cause of action is stated in each case. The question in the Alexander case was whether a nonremovable case stated in the complaint became removable under the testimony adduced without a voluntary act on the part of the plaintiff converting it into a removable case. The court

ruled that it required a voluntary act on the part of the plaintiff to convert a nonremovable cause into a removable one. The sole question involved in the Kenney case was one of limitations and not one of removal to the Federal court.

We think the weight of authority is to the effect that, when separate and distinct causes of action are joined in the same complaint, one being removable and the other not, the entire case becomes subject to removal.

Other contentions are made by appellant for a reversal of the judgment, but, in our view of the law on the removability of the case, it is unnecessary to determine them.

The court erred in overruling the petition to remove the case to the Federal court, and for that reason the judgment is reversed, and the cause remanded with directions to allow the petition.