## NALER *v.* BALLEW.

Opinion delivered January 7, 1907.

1. CROSS COMPLAINT—BRINGING IN NEW PARTIES.—Under Kirby's Digest, § 6088, third persons and co-defendants may be made parties defendant in a cross bill only where the cause of action therein affects the subject-matter of the principal action. (Page 330.)

2. HUSBAND AND WIFE—TENANCY BY ENTIRETIES.—A deed conveying land to a husband and wife jointly creates in them an estate in entirety under which the survivor takes the fee. (Page 330.)

3. SAME—TRANSACTIONS BETWEEN.—The object of the rule that gifts from wife to husband are to be scrutinized with great jealousy is to ascertain, but not to defeat when ascertained, the real intention of the donor. (Page 331.)

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Jones & Hamiter,* for appellant.

In transactions between husband and wife whereby her property become vested in him, the *onus* is on him, and on those holding under him, to show the *bona fides* of the transactions. Where a disposition of her property is attempted which is beneficial to him and injurious to her, he becomes her trustee, and every reasonable intendment is indulged against him. Harris, on Contracts by Married Women, § 599; 30 Miss. 161; 36 Miss. 510; *id.* 640; 39 Miss. 462.

*J. I. Alley* and *Hal L. Norwood,* for appellee.

1. Where a husband receives fund of his wife and with her knowledge and consent invests it in real estate in his own name, the law raises a *prima facie* presumption of a gift. 40 S. E. 341; 50 W. Va. 226.

A gift of personal property by the wife to the husband, though viewed with caution, will not be set aside, unless undue influence is shown. 48 S. W. 158. The object of a careful scrutiny of such gifts is to ascertain, and not defeat when ascertained, the real intention of the parties, where the transaction is free from fraud. 75 Ark. 127. See also 88 S. W. 976.

2. The findings of a chancellor will be sustained unless clearly against the weight of evidence. 73 Ark. 486; 72 Ark. 67; 71 Ark. 605.

HILL, C. J. Baker Ballew, the appellee, brought suit in equity against appellants, who are the brothers and sister of his deceased wife and her next of kin, to quiet his title to a half block of ground in Mena. They answered, asserting title to said property, and by cross-complaint sought to recover of Ballew other property in the hands of other persons, who were made defendants to the cross-complaint, and also sought to hold Ballew trustee for them for another lot in Mena alleged to have been bought with money belonging to his deceased wife of which title was taken in himself, and for a judgment against him for

money received from his wife. On motion the court struck out all that part of the cross complaint not relating to the half block mentioned in the complaint. The striking out of these other matters is assigned as error. Section 6088, Kirby's Digest, prescribes the office of a cross-complaint where parties other than the plaintiff are proceeded against. Third parties and co-defendants can only be brought in where the cause of action affects the subject-matter of the principal action. *Trapnall* v. *Hill,* 31 Ark. 345. Such was not the case here, and the action of the court was right, so far as these third parties were concerned; and whether it was right or not as to the other lot in Mena and the money derived from Mrs. Ballew as between them and Ballew is immaterial, in view of the opinion of the court on the subject of the gift of the money to Ballew. The issue is thus limited to the half block concerning which the suit was brought. The deed to this half block was made to the husband and wife jointly, and created in them an estate in entirety, and the survivor took the whole fee. *Robinson* v. *Eagle,* 29 Ark. 202; *Branch* v. *Polk,* 61 Ark. 388; *Simpson* v. *Biffle,* 63 Ark. 289.

It was shown that this land was purchased and improved with funds received by Mrs. Ballew from her father's estate. She received $4,285 from that source, all in checks payable to herself, which she indorsed and delivered to her husband, and which he deposited to his own credit in banks at Mena. He testified that she gave him this money. In some respects his testimony is inconsistent with established facts, and in several matters he is contradicted by both interested and disinterested witnesses, and of course this weakens the force of his testimony that his wife gave him her inheritance. But it is an established fact that she did indorse and deliver these checks to her husband, and that he forthwith deposited them to his own credit, and thereafter drew upon these deposits as his own from time to time, and it is also established by a disinterested, uncontradicted and unimpeached witness that Mr. and Mrs. Ballew brought him the deed in question for information in regard to its phraseology in reciting the receipt of the consideration. Her attention was shown to have been sharply drawn to the deed made jointly to her husband and herself, and that it

was so carefully scrutinized by her that she sought advice in regard to a formal matter therein, and was seemingly satisfied with it being made jointly to her husband and herself, notice of which was thus shown to have been brought to her before the deed was recorded and probably before it was accepted. Ballew testified that it was made to them jointly pursuant to an understanding and agreement to that effect between them. Against these established facts there is no testimony except evidence of inconsistent and contradictory statements of Ballew; but these statements are only as to the time, method and manner of the gift to him, and not of the fact of gift itself, which is strongly corroborated by her delivery of the checks to him and the purchase with her knowledge of the property in their joint name, and the improvement of it through the money inherited by her. The following statement in *Hannaford v. Dowdle,* 75 Ark. 127, is as applicable to this case as to that:

"Appellees invoke the elementary rule of law that gifts from the wife to the husband are to be scrutinized with great jealousy. Citation of authority is unnecessary to sustain this salutary rule. But, after all, the demand for such scrutiny is to ascertain, and not to defeat when ascertained, the real intention of the parties, where the transaction is free from fraud. Notwithstanding that relation, the court will, after having ascertained the intent of the parties to the transaction and found that there had been no fraud or imposition, uphold rather than frustrate their acts." The property was improved to the extent of some $1,500 or more before Mrs. Ballew's death, and it was plain that she knew this money was deposited to her husband's credit or under his control, for otherwise these expenditures could not have been made as he owned little property and had no cash with which to meet small debts before this inheritance.

The gift was not an unnatural one. This couple had been married nearly thirty years, and were childless, and the husband was poor, while the brothers and sister had each presumably as much from the father's estate as had Mrs. Ballew, for the testimony showed she received this money in a division of the estate of her father. There is nothing to contradict Ballew's statements that his wife was grateful to him for years of kindness and consideration to her.

The chancellor has credited the testimony proving the gift, and, after it is weighed and scrutinized as required in such cases, the court is satisfied that the finding was correct, and the decree is affirmed.