THURMAN *v.* FARMERS COOPERATIVE, INC.
ARK. FARMERS ASSOCIATION *v.* THURMAN.

5-1213                                    299 S. W. 2d 650

Opinion delivered March 11, 1957.

*W. B. Putman* and *James R. Hale,* for Thurman.

*Rex W. Perkins* and *David J. Burleson,* for Farmers Cooperative, Inc.

*John R. Thompson,* for Ark. Farmers Ass'n.

J. SEABORN HOLT, Associate Justice. August 1, 1955, Farmers Cooperative, Inc. (appellee), sued Ellis Thurman to recover $2,061.75 alleged due for ''goods, wares and merchandise'' as set out in a ''verified, itemized account,'' made a part of its complaint as ''Exhibit A'', that said itemized account set out the dates and amounts of the purchases and, all credits, and the balance due. Thurman answered denying the accuracy of the account, and denied owing appellee (plaintiff) in any amount. He also filed a cross complaint against appellee, (Farmers Cooperative, Inc.) and against Arkansas Farmers Association, in which he alleged that: ''. . . On or about January 19, 1954, the cross-defendants, Farmers Cooperative, Inc., and Arkansas Farmers Association sold and delivered to

the cross-complainant 1,000 pullets for a laying flock, and that said cross-defendants . . . represented and guaranteed to the cross-complainant that the said 1,000 pullets were good, healthy chickens, properly inspected, disease free, and otherwise fit for the purpose for which they were intended, . . . In truth and in fact, said 1,000 pullets sold by the cross-defendants to the cross complainant were of an inferior quality, sick and diseased and totally unfit and unsatisfactory for the purpose for which they were intended, . . ." that as a result of such diseased condition of said chickens he had been damaged in the amount of $3,750.00 and asked for judgment against Farmers Cooperative, Inc., and Arkansas Farmers Association for this amount. On the issues raised in the complaint and cross-complaint, trial was had July 10, 1956, and at the close of all the testimony the court instructed the jury to return a verdict in favor of cross-defendant, Farmers Cooperative, Inc., on the cross-complaint of Ellis Thurman. The jury returned a verdict in favor of Thurman against Arkansas Farmers Association for $2,061.75 and for appellee (Farmers Cooperative, Inc.) against Thurman in the amount of $2,061.75, and from this $2,061.75 judgment Thurman has appealed, and Arkansas Farmers Association appeals from the judgment of Thurman against it, for $2,061.75.

We first consider the judgment of Farmers Cooperative, Inc., against Thurman on the account for $2,061.75. For reversal Thurman relies on two points: "I. The plaintiff, Farmers Cooperative, Inc., did not prove an open account against Ellis Thurman. II. The plaintiff, Farmers Cooperative, Inc., did not prove that it was the real party in interest in the suit against Ellis Thurman on open account, or that it had any right to bring suit against him for the collection of said alleged account."

As to point I, Thurman contends that the account, Exhibit A, was not proved and that it was not sufficiently itemized to furnish him information as to the various items that he purchased, and that were charged to him. We hold that the evidence was ample to show that he pur-

chased the goods from Farmers Cooperative, Inc., as shown in the account, and that said account was properly verified. The record shows that Thurman did not ask at the trial that the account be itemized. He was content to file the following motion: "Comes Ellis Thurman, defendant in the above entitled cause, and moves the Court to require the plaintiff, Farmers Cooperative, Inc., to furnish to the defendant a copy of Exhibit "A" to plaintiff's complaint." This motion was granted by the court and appellee furnished Thurman a copy of Exhibit "A". Obviously the opportunity was open to him on cross-examination of witnesses of Farmers Cooperative, Inc., to inquire as to what purchases made up the items in the account, and this he failed to do. We hold that it is now too late to complain.

As to the second point, that there was a defect of parties, it appears that witness Doyle Moad, testified that he was manager of Farmers Cooperative, Inc., from the time it first began doing business, February 15, 1954, until February 15, 1955, and that the verified account, Exhibit "A", represented purchases by Thurman from the Farmers Cooperative, Inc., covering the period from March 3, 1954, through February 11, 1955, and that there was due $2,061.75. We find no defect of parties in the circumstances. It also appears that Thurman made no objection as to any defect in parties, as to plaintiff, before the trial, the cause went to trial without objections, and in so doing, we hold that he has waived any right to object.

The Arkansas Farmers Association, for reversal of the judgment in favor of Thurman against it, contends that the trial court erred in refusing to grant it a severance, and in refusing to permit it to "stand trial" separate from Farmers Cooperative, Inc., and that there was a misjoinder of parties. Arkansas Farmers Association had been properly served with summons in Washington County. We hold that this contention is untenable. Thurman (who was sued by Farmers Cooperative, Inc.) in his cross-complaint sued both Farmers Cooperative, Inc., and Arkansas Farmers Association and alleged but one cause

of action against them jointly, which was for breach of contract—warranty on account of the diseased condition of the chickens which he alleged they sold to him. Here Thurman, as indicated, was sued on a contract for certain feed sold to him by the Farmers Cooperative, Inc., and it was incumbent on him to set up in his cross-complaint any defenses (set offs or counter claims) that he might have, § 27-1121 Ark. Stats. 1947. As indicated, his cross-complaint did not allege a cause of action in tort but one on contract for breach of warranty. In the circumstances, we hold that the trial court did not abuse its discretion when, in an effort (as appears here) to avoid a multiplicity of suits, save unnecessary costs, and delay, it denied Arkansas Farmers Association a severance, § 27-1301—4 and 5, Ark. Stats. 1947.

The judgment is affirmed.