NORTHWEST MOTORS, INC. *v.* CREEKMORE, JUDGE.

5-1711                                   318 S. W. 2d 614

Opinion delivered December 8, 1958.

*Shaw, Jones & Shaw,* for appellant.

*R. S. Dunn, Hardin, Barton, Hardin & Garner,* for appellee.

GEORGE ROSE SMITH, J. This application for a writ of prohibition involves a jurisdictional conflict between the Logan circuit court and the Sebastian circuit court, in cases arising from the same automobile accident. We are asked to prohibit the Logan circuit court from proceeding with two particular phases of the case pending in that court.

The petitioners, Northwest Motors, Inc., and its employee, Clyde Hammock, are domiciled in Sebastian county. On April 21, 1958, Hammock, in the course of his employment, went to Logan county to demonstrate and attempt to sell a car to Jack Goodson, a resident of Logan county. During a test ride, with Goodson driving, the car collided with a truck owned and being driven by Hoyt Ray Walker, a resident of Logan county. Goodson was killed, and there were personal injuries to the others and damage to the vehicles.

Northwest and its employee, Hammock, whom we shall refer to collectively as Northwest, filed separate suits in Sebastian county against Walker alone and obtained service of process. A day or two later Goodson's administrator brought suit in Logan county against Walker and Northwest, alleging, among other things, that Walker was negligent in driving his truck on the wrong side of the road and that Northwest was negligent in permitting Goodson to drive a car with which he was unfamiliar and in distracting Goodson's attention just before the collision. In the Logan county case Walker filed a cross-complaint, and an amendment thereto, by which he sought to recover his own damages from Goodson and Northwest. The Logan circuit court denied Northwest's motion to dismiss this cross-complaint insofar as it pertained to Northwest, and this application for prohibition was then filed. During our summer recess a temporary writ was granted by Justice WARD, and on this phase of the case the question is whether the writ should be made permanent.

On this issue our prior decisions are conclusive. It was incumbent upon Walker to assert in the Sebastian county cases any cross-complaint he might have against Northwest. Ark. Stats. 1947, § 27-1121; *Shrieves* v. *Yarbrough,* 220 Ark. 256, 247 S. W. 2d 193. Northwest's suits against Walker in Sebastian county fixed the venue of the controversy between Northwest and Walker and precluded Walker from bringing an independent suit against Northwest in Logan county. *Kornegay* v. *Auten,*

203 Ark. 687, 158 S. W. 2d 473; *Carnes* v. *Strait*, 223 Ark. 962, 270 S. W. 2d 920. If Walker could not maintain an independent action against Northwest in Logan county, we think it unavoidably follows that he could not achieve the same result by filing a cross-complaint (for damages rather than for contribution) against Northwest in the suit that Goodson's administrator had brought in that county. On this part of the case the temporary writ is made permanent.

In the Logan county case Walker, as we have said, also cross-complained against the plaintiff, Goodson's administrator. The administrator then filed a third party complaint against Northwest, under the Uniform Contribution Among Tortfeasors Act, asking for contribution from Northwest in the event that the administrator should be held liable to Walker on the latter's cross-complaint. The court overruled Northwest's motion to dismiss the administrator's third party complaint, and Northwest amended the petition for prohibition to ask that the respondent be prohibited from proceeding further upon the administrator's third party complaint.

On this second point we confine our decision to the narrow point of law argued by the petitioners in their brief; that is, that the Uniform Act does not permit a plaintiff to file a third party complaint against a defendant who is already in the case. This argument is based on § 7 (1) of the Act, Ark. Stats., § 34-1007 (1), which provides that a third party complaint may be served "upon a person not a party to the action." But the petitioners overlook subsection (3) of § 7, which permits a party to state "as a cross-claim against a co-party" any claim of contribution that he may have. See the Commissioners' Note to subsection (3), 9 U. L. A. 248. It might have been more accurate for Goodson's administrator to entitle his pleading against Northwest a cross-claim rather than a third party complaint, but the difference is merely one of form and can have no effect upon the administrator's statutory right to seek con-

tribution from Northwest. On this phase of the case the writ is denied.