B-W ACCEPTANCE CORP. *v.* HON. G. B. COLVIN, JR., JUDGE

5-5810                                               478 S.W. 2d 755

Opinion delivered April 10, 1972

*Barber, Henry, Thurman, McCaskill & Amsler,* for petitioner.

*Huey & Vittitow,* for respondent.

JOHN A. FOGLEMAN, Justice. Petitioner, a cross-defendant in an action brought April 8, 1968, in the Circuit Court of Bradley County against Norman Polk by Douglass Distributing Company, seeks to prohibit the circuit court from proceeding against it. Douglass is admittedly a domestic corporation doing business in Bradley County. It filed a complaint seeking judgment against Polk on notes executed by Polk for the purchase price of goods sold him by Douglass. It alleges that its principal place of business is in Pulaski County. The notes were payable to petitioner, B-W Acceptance Corporation. It was alleged in the complaint that Polk had defaulted in payments on the note and that B-W had required Douglas to pay the balance due. Polk filed a pleading in which he denied the allegations of the complaint, cross-complained against Douglass and B-W, alleging that they conspired to maliciously prosecute a replevin action,[1] and separately alleged in his "third party complaint" that B-W had maliciously and without probable cause instituted a replevin action against him. He alleged in the cross-complaint that the cross-defendant's actions had damaged his credit, customer relations and reputation and sought to recover $26,300 actual, and $50,000 punitive, damages. He asserted in his "third party complaint" that petitioner had instituted the action for the purpose of harassment and to put him out of business and injure his credit rating, fame and reputation. He sought to recover the identical amount of damages sought on his cross-complaint.

Petitioner has filed its answer to Polk's cross-complaint and "third party complaint" in the form of a general denial and counterclaim. In it, petitioner both raised and reserved its contention that the venue of the claims asserted against it is in Pulaski County and that the Circuit Court of Bradley County has no jurisdiction over it.

---

[1] It appears from a stipulation and certain interrogatories that this action was brought in February or March 1965.

Summons for petitioner was issued to the Sheriff of Pulaski County and served upon the designated agent for service of B-W Acceptance Corporation in that county. It is alleged by Polk that B-W Acceptance Corporation is a foreign corporation doing business in Bradley County. This allegation is not controverted in the pleadings in the trial court and petitioner makes no contrary assertion here. Petitioner then is a nonresident of the state and has no county residence. *Missouri Pacific R.R. Co.* v. *Fox & Sons, Inc.*, 251 Ark. 247, 472 S.W. 2d 726. There is no allegation that B-W has a place of business in Bradley County.

Venue in an action for abuse of process, malicious prosecution and vexatious suit is controlled by general venue statutes or principles rather than Ark. Stat. Ann. § 27-610 (Repl. 1962). *Arkansas Valley Industries, Inc.* v. *Roberts, Judge*, 244 Ark. 432, 425 S.W. 2d 298; *Robinson* v. *Missouri Pacific Transportation Company*, 218 Ark. 390, 236 S.W. 2d 575. An original action by Polk against B-W and Douglass, or either, would be governed by these general statutes.

It was necessary that Polk assert whatever claim he had against Douglass in the pending action and the venue of that claim was fixed by the filing of the suit by Douglass. Ark. Stat. Ann. § 27-1121 (Repl. 1962); *Northwest Motors* v. *Creekmore, Judge*, 229 Ark. 755, 318 S.W. 2d 614. Another party may properly be charged with joint liability along with the plaintiff on the same cause of action by a defendant's counterclaim and cross-complaint. Ark. Stat. Ann. § 27-1134 (Repl. 1962); *Thurman* v. *Farmers Cooperative, Inc.*, 227 Ark. 488, 299 S.W. 2d 650. But the new party charged with joint liability cannot be brought into the case by this method unless his liability is based upon matter affecting the subject matter of the action brought by plaintiff, at least where the defendant could at his election proceed separately against either of those jointly charged. *Meyers Store Co.* v. *Colorado Milling and Elevator Co.*, 187 Ark. 636, 61 S.W. 2d 440; *Naler* v. *Ballew*, 81 Ark. 328, 99 S.W. 72. See also, *Pindall* v. *Trevor and Colgate*, 30 Ark. 249.

While Ark. Stat. Ann. § 27-1134 is not primarily a venue statute, certainly venue will be fixed by it if the cause of action asserted in the cross-complaint is one affecting the subject matter of plaintiff's cause of action. The very salutary purpose of the statute is to encourage litigation of all questions between the original parties in one forum and to bring into that forum other parties who would not otherwise be involved, if the issues between the defendants, or any of them, and the new parties actually affect the subject matter of the suit brought by the original plaintiff. If the statute did not affect venue insofar as such a claim against the new party or parties is concerned, its salutary purpose would be severely and unreasonably limited.

The subject matter of the complaint filed by Douglass was the alleged debt of Polk evidenced by notes on which Douglass sought a judgment against Polk. The subject matter of Polk's cross-complaint was an alleged malicious prosecution of a replevin action resulting from an alleged conspiracy between B-W and Douglass for which he sought damages for injury to his credit and reputation. The subject matter of the "third party complaint," which can only be considered as a cross-complaint against B-W asserting a separate liability against it for malicious prosecution of a replevin action,[2] was the same.

Petitioner alleged in its motion to dismiss in the trial court that Polk's claim did not arise out of the same transaction or occurrence relied upon by Douglass in the original complaint and alleges here that the cause of action asserted against it is "separable." Our review of the pleadings in the lower court exhibited with the petition sustains petitioner's assertion that Polk's cause of action was not one "affecting the subject matter of the action." The cross-complaint alleges that the replevin suit was for recovery of Polk's floor plan merchandise. The "third party complaint" is based upon the same replevin action. Even if it were material, we find nothing in the pleadings to show that the property B-W sought

[2]This situation is not within the purview of the third party practice authorized in an action instituted for tort recovery under Ark. Stat. Ann. § 34-1007 (Repl. 1962).

to replevy is the same property for which Polk allegedly executed the notes representing the debts he admitted owing, on discovery, except for his counterclaim. Furthermore, there is nothing in the record before us to support respondent's argument in its brief here that Polk is now being sued for the same amount on the same trust receipts as he was sued in the replevin action on which he bases his cross-complaints.

Respondent contends that venue is in Bradley County by virtue of Ark. Stat. Ann. §§ 27-1134 and 27-613 (Repl. 1962). Of course, venue cannot be fixed as to B-W under 27-613, under any circumstances, unless it were served in Bradley County or unless Douglass can be said to "reside" in, or have been summoned in, that county. There is nothing in this record to contradict the allegation in the complaint filed by Douglass that it is a domestic corporation with its principal place of business in Little Rock.[3] It is alleged by Polk that Douglass does business in Bradley County, but nothing is said about its having a place of business there. We are unable to say that Douglass has a "residence" for the purpose of applying Ark. Stat. Ann. § 27-613 other than Pulaski County. It was not summoned in Bradley County. But Ark. Stat. Ann. § 27-613 does not purport to fix venue for the purpose of a cross-complaint, which is governed only by Ark. Stat. Ann. § 27-1134. We find nothing in the record to support any venue under these statutes for an independent action by Polk.[4] See *International Harvester Company* v. *Brown*, 241 Ark. 452, 408 S.W. 2d 504; *Terry*

[3] Polk's general denial of the allegations of the Douglass complaint cannot well be taken to contradict allegations pertaining to the plaintiff's corporate status. See Ark. Stat. Ann. § 27-1121; *Meek* v. *United States Rubber Tire Company*, 244 Ark. 359, 425 S.W. 2d 323.

[4] Inasmuch as some of our past decisions would sustain the proposition that venue in a transitory action against a foreign corporation authorized to do business in Arkansas could be laid in any county in the state, we point out that the effect of these decisions was nullified by the United States Supreme Court in *Power Manufacturing Company* v. *Saunders*, 274 U.S. 490, 47 S. Ct. 678, 71 L. Ed. 1165 (1927), as recognized in *Crutchfield* v. *McLain*, 230 Ark. 147, 321 S. W. 2d 217. The Supreme Court of the United States held that our law, which permitted venue to be placed in any county, unconstitutionally discriminated against foreign corporations and in favor of domestic corporations and individuals. Consequently, venue cannot constitutionally be laid against such a foreign corporation in any county where the venue would not be proper in a suit against a domestic corporation or a resident individual.

v. *Plunkett-Jarrell Grocer Co.,* 220 Ark. 3, 246 S.W. 2d 415, 29 A.L.R. 2d 1264; *Duncan Lumber Co* v. *Blalock,* 171 Ark. 397, 284 S.W. 15, overruled on another point, see *Anheuser-Busch, Inc* v. *Manion* 193 Ark. 405, 100 S.W. 2d 672.

We cannot agree with respondent that petitioner's removal of the case to the United States District Court or its subsequent remand had the effect of waiving the question now raised as to venue. Upon remand, the case stood in the state court in the same position it would have had it never been removed, and it was the duty of the state court to proceed as if it had never been removed. *Trinity Universal Insurance Co.* v. *Robinson,* 227 Ark. 482, 299 S.W. 2d 833; *Meyers Store Co.* v. *Colorado Milling and Elevator Co.,* 187 Ark. 636, 61 S.W. 2d 440. Furthermore, petitioner's motion to dismiss, relied upon by respondent as a submission to its jurisdiction, was first filed in the United States District Court, and its assertion that there was a misjoinder of parties was based substantially upon petitioner's allegation that the claim asserted against it did not arise out of the same transaction or occurrence as the claim asserted by Douglass, the plaintiff, against Polk, the defendant. The same arguments as to venue and jurisdiction advanced here by petitioner were urged by it when this motion was submitted to the circuit court, as disclosed by memorandum brief filed there and exhibited with the petition here.

Since we find no basis on which the Bradley Circuit Court can properly exercise jurisdiction over Polk's cross-complaints, against petitioner, the writ is granted.