EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Tomás Díaz Rodríguez<br>Energy Tech Corporation<br><br>   Demandantes-Peticionarios<br><br>      vs.<br><br>Pep Boys Corporation;<br>Manny Moe and Jack Corporation;<br>et al<br><br>   Demandados-Recurridos | Certiorari<br><br>2008 TSPR 122<br><br>174 DPR \_\_\_\_ |

Número del Caso: CC-2007-869


Fecha: 17 julio de 2008


Tribunal de Apelaciones:

     Región Judicial de Bayamón- Panel VII

Jueza Ponente:

     Hon. Nélida Jiménez Velázquez

Abogados de la Parte Peticionaria:

     Lcdo. Nelson Robles Díaz
     Lcdo. Alberto Rodríguez Ramos

Abogados de la Parte Recurrida:

     Lcda. Edna E. Pérez Román
     Lcdo. Eric Pérez-Ochoa



Materia: Acción Civil

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Tomás Díaz Rodríguez
Energy Tech Corporation

    Demandantes-Peticionarios

        vs.                   CC-2007-869     Certiorari

Pep Boys Corporation;
Manny Moe and Jack Corporation;
et al.

    Demandados-Recurridos

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 17 de julio de 2008.

En esta ocasión, nos corresponde determinar cómo debe proceder el Tribunal de Primera Instancia cuando un caso que fue trasladado a la Corte de Distrito de los Estados Unidos es posteriormente devuelto al foro local por no existir jurisdicción federal. Por entender que el Tribunal de Primera Instancia erró al no permitir la presentación de una demanda enmendada; y que abusó de su discreción al convalidar y aceptar algunas alegaciones, escritos y mociones presentadas por las partes durante el trámite federal sin jurisdicción, revocamos el dictamen recurrido.

I

El 15 de marzo de 2002, el Sr. Tomás Díaz Rodríguez y Energy Tech Corporation (en adelante, Energy Tech) presentaron una demanda en el Tribunal de Primera Instancia contra Pep Boys Corporation (en adelante, Pep Boys) por incumplimiento de contrato, cobro de dinero y daños y perjuicios con relación a la distribución exclusiva de un producto conocido como "Super Fuel Max". Por entender que existía jurisdicción federal a raíz de la diversidad de ciudadanía de las partes, Pep Boys solicitó la remoción del caso antes de presentar alegación responsiva alguna en el tribunal de instancia. En vista de dicha solicitud, el 9 de abril de 2002 el caso se trasladó a la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico (Corte de Distrito Federal).[1]

Luego de varios incidentes procesales ante la Corte de Distrito Federal, las partes realizaron un extenso descubrimiento de prueba. A su vez, Pep Boys contestó la demanda y presentó una reconvención vía "Interpleader" contra el señor Díaz Rodríguez, Energy Tech y el tercero

---

[1] En mayo de 2002, el tribunal estatal tomó conocimiento del traslado y concedió diez (10) días al señor Díaz Rodríguez y a Energy Tech para "desistir" de su acción "por recurrir a la Corte de Distrito". En octubre de 2002, el foro de instancia emitió una orden concediendo a los demandantes hasta el 2 de diciembre para cumplir con su orden del 15 de mayo bajo apercibimiento de desestimar la demanda. Tras el cumplimiento de dicha orden, el tribunal estatal celebró una vista en la que las partes acordaron la paralización del caso hasta tanto recayera alguna determinación del tribunal federal. El tribunal de instancia dictó sentencia de conformidad. Aunque la base jurisdiccional de todas estas acciones realizadas tras la presentación del traslado resultan cuestionables, éstas no son objeto de la presente controversia.

Anchor Funding, Inc. Por su parte, el señor Díaz Rodríguez y Energy Tech enmendaron la demanda, y luego, solicitaron presentar una segunda demanda enmendada. La Corte de Distrito Federal no permitió la presentación de la segunda demanda enmendada.

Así las cosas, ambas partes presentaron mociones de sentencia sumaria y sus respectivas posiciones en cuanto a lo que la otra parte solicitaba ante el foro federal. A tales efectos, el magistrado federal asignado emitió un Informe en el que recomendó declarar Con Lugar la solicitud de sentencia sumaria presentada por Pep Boys y denegar la sentencia sumaria solicitada por el señor Díaz Rodríguez y Energy Tech. El señor Díaz Rodríguez y Energy Tech presentaron sus objeciones al referido informe. En marzo de 2004, la Corte de Distrito Federal acogió el Informe y la recomendación del magistrado en su totalidad y dictó sentencia desestimando la demanda incoada por el señor Díaz Rodríguez y Energy Tech.

Inconformes, el señor Díaz Rodríguez y Energy Tech presentaron una apelación ante la Corte de Apelaciones de los Estados Unidos para el Primer Circuito de Boston. Dicho foro apelativo concluyó *sua sponte* que no existía jurisdicción federal por diversidad de ciudadanía, por lo que ordenó la devolución del caso al tribunal estatal. En cumplimiento con dicha orden, la Corte de Distrito Federal devolvió el caso al Tribunal de Primera Instancia mediante sentencia dictada en julio de 2005.

Posteriormente, el señor Díaz Rodríguez y Energy Tech presentaron ante el foro de instancia una "Moción Solicitando Vista Sobre el Estado Procesal del Caso para Radicar Demanda Enmendada y Sobre Otros Extremos" en la que solicitaron, entre otras cosas, presentar una demanda enmendada para recoger el trámite procesal ante el tribunal federal y el descubrimiento de prueba llevado a cabo ante dicho foro. Señalaron que ello no afectaba a Pep Boys debido a que la demanda enmendada presentaba alegaciones que fueron parte de los escritos radicados en el foro federal y éstos tuvieron oportunidad de realizar descubrimiento de prueba, presentar teorías, mociones y rebatir las alegaciones de los peticionarios.

No obstante, adujeron que los procedimientos ante la Corte de Distrito Federal se consideraban nulos ante la ausencia de jurisdicción sobre la materia de dicho foro. En vista de que no obraba en los autos del foro estatal una contestación a la demanda ni una moción dispositiva de los demandados, alegaron que procedía la presentación de la demanda enmendada.

Por su parte, Pep Boys presentó una oposición a que se enmendara la demanda y solicitó que se dictara sentencia sumaria a base de las mociones y alegaciones presentadas ante el tribunal federal. En síntesis, Pep Boys sostuvo que la enmienda presentada ante el Tribunal de Primera Instancia es idéntica a la rechazada por el foro federal en la solicitud de segunda demanda enmendada, e indicó que el señor Díaz Rodríguez y Energy Tech sólo querían cambiar los

hechos que alegaron y admitieron ante la Corte de Distrito Federal. Por tanto, solicitó que no se permitiera la demanda enmendada y que se dictara sentencia sumaria una vez el tribunal de instancia revisara la moción, la oposición y la réplica que fueron presentadas ante el foro federal. En vista de ello, el señor Díaz Rodríguez y Energy Tech solicitaron término para oponerse a la solicitud de sentencia sumaria presentada por Pep Boys de conformidad con la normativa puertorriqueña en cuanto a la resolución sumaria de controversias en este foro.

A raíz de lo anterior, el Tribunal de Primera Instancia celebró una vista en la que las partes expusieron sus respectivas posiciones. Por un lado, el señor Díaz Rodríguez y Energy Tech sostuvieron que al regresar la controversia ante el foro local el caso quedó en forma idéntica a como estaba cuando sucedió el traslado a la Corte de Distrito Federal, pues dicho tribunal nunca tuvo jurisdicción para atender el recurso. Por el contrario, Pep Boys sostuvo que no existe razón para reiniciar el litigio cuando hubo un prolongado procedimiento ante el tribunal federal.

Así las cosas, el Tribunal de Primera Instancia emitió Resolución mediante la cual concluyó que acogería todo lo acontecido ante el tribunal federal, y que consideraría y aceptaría las mociones y alegaciones allí presentadas por las partes. En vista de ello, denegó la solicitud para enmendar la demanda presentada por el señor Díaz Rodríguez y Energy Tech. A su vez, declaró sin lugar la solicitud de prórroga para contestar la solicitud de sentencia sumaria

presentada por Pep Boys, pues entendió que el señor Díaz Rodríguez y Energy Tech ya habían presentado su posición en cuanto a ésta en los procedimientos llevados a cabo ante el tribunal federal.

Insatisfechos, el señor Díaz Rodríguez y Energy Tech acudieron mediante *certiorari* al Tribunal de Apelaciones. Dicho foro apelativo denegó el recurso y concluyó que el tribunal de instancia no abusó de su discreción al acoger los trámites procesales y las alegaciones y mociones presentadas ante el foro federal.

Aún inconformes, el señor Díaz Rodríguez y Energy Tech recurren ante este Tribunal. En esencia, aducen que el tribunal apelativo erró al concluir que no abusó de su discreción el foro de instancia. Alegan que el tribunal de instancia erró al acreditar selectivamente los trámites del caso ante la Corte de Distrito Federal y al acoger una moción de sentencia sumaria presentada ante ese tribunal, aun cuando dicho foro federal actuó sin jurisdicción sobre la materia durante todo el procedimiento con relación al presente caso.

Examinada la solicitud de *certiorari*, acordamos expedir. Con el beneficio de la comparecencia de las partes, procedemos a resolver la controversia ante nuestra consideración.

## II

Sabido es que los tribunales federales ostentan una jurisdicción limitada. Ello significa que únicamente pueden entrar a considerar aquellos aspectos que les fueron

delegados en la propia Constitución Federal y aquellos que, por medio de legislación, ha determinado el Congreso de Estados Unidos que habrán de considerar. Roberts v. USO Council, 145 D.P.R. 58, 68 (1998); Junta Dir. Cond. Montebello v. Fernández, 136 D.P.R. 223 (1994).

Una acción civil presentada en un tribunal estatal puede ser trasladada al foro federal, siempre y cuando la Corte de Distrito Federal tenga jurisdicción original sobre el caso. 28 U.S.C. sec. 1441(a). Si una parte en dicha demanda entiende que existe jurisdicción federal sobre la controversia, ésta puede solicitar la remoción del caso de la consideración del tribunal estatal mediante la presentación de una moción de traslado ante el foro federal. Una vez la radicación de la solicitud de traslado es presentada y notificada oportunamente, opera una paralización automática de los procedimientos ante dicho foro local. 28 U.S.C. sec. 1446.

Para determinar si la Corte de Distrito federal tiene jurisdicción sobre la materia, ésta tiene que revisar la redacción de la demanda original al momento de solicitarse el traslado. Grupo Dataflux v. Atlas Global Group, 541 U.S. 567 (2004). Véase además, 14A Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters 2d 213 (1985). Ahora bien, si el tribunal federal determina posteriormente que carece de jurisdicción en el caso o que el traslado se realizó indebidamente, procede la devolución del mismo al foro estatal de origen (remand) *sua sponte* o a petición de parte. 28 U.S.C. sec. 1447.

De otra parte, es un principio claramente establecido en nuestro ordenamiento que las determinaciones y adjudicaciones realizadas por un tribunal sin jurisdicción son nulas, por lo que carecen de eficacia legal alguna. De hecho, este Tribunal reiteradamente ha expresado que cuando un tribunal ha actuado sin jurisdicción sobre la persona o sobre la materia, es nula cualquier sentencia o resolución que haya dictado y nada significan en cuanto a los hechos que se pretendieron litigar. Sucn. Pacheco v. Eastern Med. Assoc., Inc., 135 D.P.R. 701, 709 (1994); Tartak v. Tribl. de Distrito, 74 D.P.R. 862, 869-870 (1953).

En vista de ello, se ha cuestionado en varios tribunales federales y estatales la validez procesal de los trámites realizados ante un tribunal federal una vez se devuelve el caso al foro local por falta de jurisdicción federal. Dicho asunto, sin duda, es una cuestión de derecho estatal que se debe atender desde la óptica discrecional del foro con jurisdicción. De hecho, el Tribunal Supremo Federal ha expresado que "[i]t will be for the State court, when the case gets back there, to determine what shall be done with pleadings filed […] during the pendency of the suit in [federal court]." Ayres v. Wiswall, 112 U.S. 187, 190-191 (1884). Ante la ausencia de normas que rijan tal proceder en nuestra jurisdicción, recurrimos al derecho procesal de los estados a modo comparativo.

A principios del siglo XX, varios estados decidieron no reconocerle efecto alguno a las mociones y escritos radicados en el tribunal federal previo a la devolución del

caso al foro estatal, pues al carecer de jurisdicción "cualquier acto realizado en dicha corte no puede tener ningún efecto en los procedimientos ante el tribunal estatal". Citizens' Light, Power & Tel. Co. v. Usnik, 26 N.M. 494, 194 P. 862, 864 (1921). (Traducción nuestra). Véase además, Tracy Loan & Trust Co. v. Mutual Life Ins. Co., 79 Utah 33, 7 P.2d 279 (1932).

Asimismo, en el estado de Georgia se ha reiterado la norma de que una vez se devuelve una caso a la jurisdicción estatal, el estado procesal es precisamente aquél en que se encontraba el caso antes de ser removido y trasladado al foro federal. Véanse, a modo ilustrativo, Southern Bell Telephone v. Perry, 168 Ga. App. 387 (1983); Cotton v. Federal Land Bank of Columbia, 246 Ga. 188, 269 SE 2d 422 (1980); Allen v. Hatchett, 91 Ga. App. 571, 576 (1955). Igual normativa ha reafirmado el Tribunal Supremo del estado de Arkansas, al expresar que "una vez se devuelve el caso, éste se encuentra en la misma posición ante el tribunal estatal que se encontraría si nunca hubiese sido removido". B-W Acceptance Corp. v. Colvin, 252 Ark. 306, 478 (1972). (Traducción nuestra).

Por otro lado, la tendencia más reciente en los tribunales estatales apunta a que gran parte de estos foros se inclinan a favor de la acreditación y reconocimiento de las mociones y alegatos presentados en el tribunal federal antes de la devolución del caso, siempre y cuando ello sea en beneficio de la economía procesal y no se perjudiquen indebidamente los derechos de las partes. Laguna Vill. v.

Laborers Int'l Union of N. Am., 35 Cal. 3d 174 (1984); Edward Hansen, Inc. v. Kearny Post Office Associates, 399 A.2d 319, 323 (NJ 1979); Citizens Nat. Bk., Grant Cty v. First Nat. Bk., Marion, 165 Ind. App. 116 (1975); Bolden v. Brazile, 172 So.2d 304, 310 (La.App. 1965). De otra parte, algunos foros estatales han aceptado mociones y alegatos presentados en el tribunal federal con el único propósito de evitar prejuicios que impedirían que el caso pudiera resolverse en los méritos. Véase Teamsters Local 515 v. Roadbuilders, Inc. 249 Ga. 418 (1982).[2]

Ante la ausencia en nuestra jurisdicción de normativa alguna que regule el proceder de los tribunales locales con relación a las mociones y alegatos presentados ante el tribunal federal sin jurisdicción, entendemos que el tribunal que atiende el caso devuelto debe hacer un análisis discrecional de tres elementos esenciales al tomar una determinación al respecto; a saber, 1) la eficiencia y economía procesal, 2) el perjuicio indebido que la adopción o consideración de los escritos y mociones pueda ocasionar a las partes, y 3) si tal adopción o consideración evita la pérdida o renuncia de defensas o reclamaciones y favorece que las controversias se resuelvan en los méritos.

---

[2] Además, cabe señalar que algunos estados han incorporado en sus Reglas de Procedimiento Civil diversos mecanismos para atender los incidentes procesales que surgen de los casos que se devuelven al tribunal estatal por falta de jurisdicción federal. Véanse, a modo ilustrativo, Arkansas R. Civ. P. 55(f) y 12(a); California R. Civ. P. 430.90; Colorado R. Civ. P. 12(a); Texas R. Civ. P. 237(a); Missouri R. Civ. P. 55.34.

### III

En el presente caso, no cabe duda que todos los trámites procesales realizados ante el tribunal federal se llevaron a cabo ante un foro sin jurisdicción, por lo que es nula cualquier sentencia o resolución que haya dictado y nada significan en cuanto a los hechos que se pretendieron litigar. Sucn. Pacheco v. Eastern Med. Assoc., Inc., *supra*. No obstante, ello no implica que el tribunal de instancia no pueda, dentro de los parámetros de su discreción, convalidar y adoptar ciertos trámites realizados ante dicho foro sin jurisdicción si dicha actuación opera a favor de la economía procesal y no afecta los derechos de las partes. A su vez, nada impide que las partes lleguen a un acuerdo en cuanto a la utilización de los escritos radicados o los trámites realizados ante el tribunal federal sin jurisdicción.

Ahora bien, en el caso de autos nos corresponde determinar, particularmente, si el tribunal de instancia abusó de su discreción al no permitir la presentación de una demanda enmendada; al acoger y considerar la sentencia sumaria que ya fue resuelta y revocada por el tribunal federal; y al no permitirle al señor Díaz Rodríguez y a Energy Tech presentar oposición a la misma.

En primer lugar, resulta evidente que el foro de instancia debió haber permitido la enmienda a la demanda. Al momento de devolverse el caso a la jurisdicción estatal, lo único que obraba en autos era la demanda originalmente radicada por el señor Díaz Rodríguez y Energy Tech. La Regla 13.1 de Procedimiento Civil permite a cualquier parte a

enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación responsiva. 32 L.P.R.A. Ap. III R. 13.1. Nótese que los procedimientos iniciales ante el tribunal de instancia fueron paralizados en virtud de la moción de traslado, por lo que aún no se había presentado alegación responsiva alguna ante el tribunal de instancia, incluso después de la devolución del caso. Por tanto, en esa etapa no existía impedimento alguno para que el señor Díaz Rodríguez y Energy Tech presentaran la demanda enmendada.

Por otro lado, no cabe duda que el tribunal de instancia abusó de su discreción al determinar que consideraría la moción de sentencia sumaria presentada por Pep Boys y la oposición a ésta presentada por el señor Díaz Rodríguez y Energy Tech en el tribunal federal. Surge del expediente que ambas mociones se presentaron de conformidad con la normativa procesal federal con relación a la sentencia sumaria, y no en cumplimiento con el estándar de dicha figura en Puerto Rico bajo la Regla 36 de Procedimiento Civil, 32 L.P.R.A., App. III, R.36. Este Tribunal ha expresado que al considerar una moción de sentencia sumaria, hay que tener presente las características y necesidades particulares de los procesos seguidos en nuestro foro, según contempla la casuística interpretativa de la referida Regla 36. Medina Morales v. Merk Sharp & Dhome, 117 D.P.R. 716, 731 (1994).

Conforme a lo anterior, y dado la oposición de la parte demandante, el tribunal de instancia debió circunscribir su

discreción en cuanto a la convalidación y acreditación de las mociones presentadas en la Corte de Distrito Federal sin jurisdicción a los criterios anteriormente esbozados. Es decir, el tribunal de instancia debió evaluar si 1) la convalidación de tales actuaciones abona la eficiencia y economía procesal en el caso; 2) si la adopción o consideración de los escritos y mociones pueda ocasionar un perjuicio indebido a las partes; y 3) si tal adopción o consideración evita la pérdida o renuncia de defensas o reclamaciones y favorece que las controversias se resuelvan en los méritos. Un análisis del asunto a la luz de tales criterios demuestra que incidió el foro de instancia al adoptar y considerar automáticamente la sentencia sumaria presentada ante la Corte de Distrito Federal.

En primer lugar, esta misma moción de sentencia sumaria y su oposición ya fue atendida por el tribunal federal sin jurisdicción, por lo que su resolución sumaria por el tribunal de instancia -sin permitir que se fundamente su oposición de conformidad con nuestro esquema procesal- podría ocasionar un perjuicio indebido al señor Díaz Rodríguez y a Energy Tech. Además, el foro de instancia abusó de su discreción al no conceder un término adicional a las partes para presentar mociones conforme al derecho procesal de nuestro ordenamiento, pues ello no menoscaba la eficiencia o la economía procesal de este caso, ni resulta en la pérdida de defensas o reclamaciones de las partes.

Ahora bien, debe quedar claro que nada impide que por razones de eficiencia y economía procesal, el tribunal de

instancia convalide ciertos actos realizados ante el foro federal sin jurisdicción. Al momento de la devolución del caso al tribunal de instancia, habían transcurrido cuatro años de litigio, incluyendo un extenso descubrimiento de prueba realizado ante la Corte de Distrito Federal. Ciertamente, la convalidación de dicho procedimiento beneficia a todas las partes, pues repetir el descubrimiento de prueba resultaría muy oneroso e ineficiente para la resolución justa y económica de la controversia. No obstante, al así hacerlo el tribunal de instancia debe tener presente que la aceptación de los escritos presentados ante el foro federal no menoscabe los derechos de las partes ni suponga una abdicación de sus facultades adjudicativas.

**IV**

Por los fundamentos antes expuestos, concluimos que el Tribunal de Apelaciones erró al negarse a revisar la resolución del Tribunal de Primera Instancia que denegó la presentación de una demanda enmendada. A su vez, el foro apelativo erró al confirmar una resolución que le impartió aprobación y crédito a una moción de sentencia sumaria que ya había sido resuelta y revocada en el tribunal federal en el momento en que dicho foro desestimó con perjuicio y devolvió la acción presentada al tribunal estatal por carecer de jurisdicción federal.

Por tanto, se revoca la sentencia dictada por el Tribunal de Apelaciones en el presente caso. Se devuelve el caso al Tribunal de Primera Instancia para que permita la

presentación de la demanda enmendada y para procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Tomás Díaz Rodríguez
Energy Tech Corporation

    Demandantes-Peticionarios

        v.                           CC-2007-869
     Certiorari

Pep Boys Corporation;
Manny Moe and Jack Corporation;
et al.

    Demandados-Recurridos


SENTENCIA

San Juan, Puerto Rico, a 17 de julio de 2008.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia dictada por el Tribunal de Apelaciones en el presente caso. Se devuelve el caso al Tribunal de Primera Instancia para que permita la presentación de la demanda enmendada y para procedimientos ulteriores consistentes con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita. El Juez Asociado señor Rebollo López no intervino.


               Aida Ileana Oquendo Graulau
               Secretaria del Tribunal Supremo